## LIMITATION OF ESTATE OVER VOID FOR REPUGNANCY.

[Circuit Court of Cuyahoga County.]

ELIZABETH STEUER v. JOSEPH STEUER ET AL.

Decided, February 21, 1905.

*Wills—Disposals of Estate in Fee—Attempted Limitation of Estate Over, Void for Repugnancy.*

Under a will containing a devise to A generally, with no power of disposal expressed, but followed by a devise to B of what shall remain undisposed of at A's death, A takes an estate in fee simple and the attempted limitation over is void.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

Appeal from the Cuyahoga Common Pleas Court.

This is an appeal in a suit for partition. Jacob Steuer died testate, leaving a widow and children. Afterwards his son Thomas died intestate, leaving a widow, who is plaintiff here. Later the elder widow died testate. Her will gives Thomas' widow $200 and divides the rest of the property among the other children, defendants here. Plaintiff claims that Jacob Steuer's will gave his widow a life estate only, with remainder over to his children, and that Thomas' interest having thus vested in the latter's lifetime descends to plaintiff. Defendants claim that under Jacob Steuer's will his widow took a fee, and that the testator's attempt to control the disposal of what should remain of the property at her death is ineffectual. The essentials of the will are as follows:

"I give, devise and bequeath to my beloved wife, Anna Marie Steuer, my real estate and personal property of every description.

"I appoint my said wife, Anna Marie Steuer, executrix of this my last will and testament.

"It is my will that whatever is left of my estate after my wife's decease, shall be equally divided amongst all my children."

Wills of this character may contain any of four sorts of provisions, viz.:

1.  Devise to A in terms for life but with absolute power of disposal and followed by a devise to B.  A's estate is not enlarged by the power into a fee but is for life only.  The power is simply annexed.  This is illustrated by *Bishop* v. *Remple,* 11 Ohio St., 277.

· 2.  Devise to A generally with absolute power of disposal but followed by a devise of the entire estate to B.  A's estate is for life only.  This limitation over of the corpus of the estate is illustrated in *Baxter* v. *Bowyer,* 19 Ohio St., 490.  Some authorities, however, deny the rule thus formulated, though they approve the decision cited, on the ground that the power given was not absolute but restricted to the benefit of the estate.

3.  Devise to A generally but with qualified power of disposal and followed by a devise to B of what shall remain undisposed of at A's death.  A's estate is for life only.  *Johnson* v. *Johnson,* 51 Ohio St., 446, illustrates a qualification of power whereby the first taker's right of disposal is restricted to what may be consumed.

4.  Devise to A generally with no power of disposal expressed, or with an absolute power, but followed by a devise to B of what shall remain undisposed of at A's death.  A takes an estate in fee simple and the attempted limitation over is impossible and void.  *Widows' Home* v. *Lippardt,* 70 Ohio St., 261, affords illustration of a will of this sort.  Though the decision there turns finally on the construction of the power rather than of the estate devised, yet the authorities cited approvingly in the court's opinion clearly establish the rule as thus formulated.

Jacob Steuer's will is of the fourth sort and we hold that the interest acquired thereunder by his widow was an estate in fee simple; that the attempted limitation over is void for repugnancy; that their son, Thomas, took nothing under his father's will and that he consequently transmitted to his widow no interest in the estate left by his father.

The petition is, therefore, dismissed at plaintiff's costs.

*J. W. Sykora* and *W. C. Rogers,* for plaintiff.

*Foran & McTighe,* for defendants.